UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80153-CIV-MARRA/BRANNON

MARBI PEREZ MORALES, by and
through his parents CANDIDA MORALES
SOTO and HECTOR PEREZ MAZARIEGOS,
CANDIDA MORALES SOTO and HECTOR
PEREZ MAZARIEGOS,

       Plaintiffs,

vs.

PALM BEACH COUNTY SHERIFF'S
OFFICE and IMMIGRATION AND
CUSTOMS ENFORCEMENT,

       Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant Palm Beach County Sheriff's Office's Motion to Dismiss Plaintiffs' Complaint [DE 3]. The time period for responding to the motion has past and no response or motion for extension of time has been filed by Plaintiffs.

**Introduction**

Plaintiffs, Marbi Perez Morales (a minor), by and through his parents Candida Morales Soto and Hector Perez Mazariegos (collectively "Plaintiffs"), have filed a seven-count "Complaint for Civil Rights Violations and Battery" against the Palm Beach County Sheriff's Office ("Sheriff's Office") and Immigration and Customs Enforcement ("ICE") for illegal entry in violation of the Fourth Amendment (Count 1),

unreasonable search in violation of the Fourth Amendment (Count 2), unreasonable seizure in violation of the Fourth Amendment (Count 3), excessive force in violation of the Fourth Amendment (Count 4), equal protection in violation of the Fifth Amendment (Bivens Claim) (Count 5), conspiracy to violate Fourth and Fourteenth Amendments in violation of 42 U.S.C. § 1983 (Count 6), and conspiracy to violate equal protection clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983 (Count 7).

According to the Complaint (which was removed by the Sheriff's Office), on January 26, 2011, agents and officers of the Sheriff's Office and ICE entered Plaintiffs' residence without permission and without a warrant or other lawful excuse.  Compl. ¶¶ 7, 9.  Upon their arrival, the agents yelled at Plaintiffs and violently assaulted the minor Plaintiff Marbi, striking him with a gun in the head and inflicting other physical violence upon him in view of his family.  Compl. ¶ 8. Plaintiffs maintain that Defendants "have a policy, custom and procedure that condones, encourages and permits their officers and agents to violate the rights and inflict harm upon Latin Americans and/or those who they believe are illegal immigrants and on their families, and this custom, policy and procedure is the direct cause of Plaintiffs' injuries."  Compl. ¶ 15.

The Sheriff's Office moves to dismiss the Complaint asserting that it fails to state a claim against it.  The Court agrees.  The Complaint contains no facts in support of Plaintiffs' conclusory allegations that their constitutional rights were

violated as a result of customs, policies and procedures of the Sheriff's Office.

**Standard of Review**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v.*

*King & Spalding,* 467 U.S. 69, 73 (1984).

**Discussion**

Plaintiffs' Complaint contains one paragraph which references the primary issue in stating a claim against a governmental entity such as the Sheriff's Office, in a cause of action brought pursuant to 42 U.S.C. § 1983 ("§ 1983").  That paragraph reads as follows:

> 15. Defendants PBSO and ICE have a policy, custom and procedure that condones, encourages and permits their officers and agents to violate the rights and inflict harm upon Latin Americans an/or those who they believe are illegal immigrants and on their families, and this custom, policy and procedure is the direct cause of Plaintiffs' injuries.

DE 1-2, ¶ 15.  This paragraph is incorporated by reference into every count in the Complaint.

While municipalities and other local government entities are included among those persons to whom § 1983 applies, such entities may not be held liable on a *respondeat superior* theory.  *Board of County Comm'r v. Brown,* 520 U.S. 397, 403 (1997) ("*Brown*").  The municipality itself must have caused the constitutional violation at issue.  *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1145 (11th Cir. 2007).  Thus, Plaintiffs can only succeed on their § 1983 claim against the Sheriff's Office by showing that their injuries were the result of an unwritten unlawful "policy or custom" of the Sheriff's Office.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978) ("*Monell*").

"An act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so wide-spread as to have the force of law." *Brown*, 520 U.S. at 404.  The custom must be "so well settled and wide-spread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge[1] of it yet did nothing to end the practice."  *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989); *Wakefield v. City of Pembroke Pines*, 269 Fed. App'x. 936, 939, (11th Cir. 2008); *see also Spell v. McDaniel,* 824 F.2d 1380, 1386-88 (4th Cir.), *cert. denied*, 484 U.S. 1027 (1988).  Moreover, the custom must have been the cause of and the moving force behind the deprivation of constitutional rights.  *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 819-20 (1985); *Monell*, 436 U.S. at 694-95; *Kibbe v. City of Springfield*, 777 F.2d 801, 809-10 (1st Cir. 1985); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989).  Normally, random acts or isolated incidents are insufficient.  *Church v. City of Huntsville,* 30 F.3d 1332,

---

[1] "Custom and usage," in the sense of "persistent and widespread ... practices" by municipal agents and employees, may be attributed to a municipality when the duration and frequency of the practices warrants a finding of either actual or constructive knowledge by the municipal governing body that the practices have become customary among its employees.  *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984). Actual knowledge may be evidenced by recorded reports to or discussions by a municipal governing body. Constructive knowledge may be evidenced by the fact that the practices have been so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of them.  *See id.; Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987).

1345 (11th Cir. 1994).

The alleged constitutional violations in this case are illegal entry, unreasonable search, unreasonable seizure, excessive force, violation of equal protection, and conspiracy.  The alleged policy or custom of harming Latin Americans and other immigrants is too vague to relate to the specific constitutional violations alleged.  To state a claim, Plaintiffs must allege with more specificity (a) the purported custom as it relates to the specific constitutional violation, (b) plausible facts that show that the purported custom is wide-spread and known by the Sheriff's Office, and (c) how the custom resulted in the exact injuries sustained by Plaintiffs.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Therefore, in accordance with the usual practice upon granting a motion to dismiss, leave to replead the complaint will be permitted.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Palm Beach County Sheriff's Office's Motion to Dismiss Plaintiffs' Complaint [DE 3] is GRANTED.  Plaintiff shall file an Amended Complaint on or before July 11, 2012.  Failure to comply with this Order will result in this case being dismissed without prejudice, without further notice to the

parties.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of June, 2012.

                                              KENNETH A. MARRA
                                              United States District Judge