UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80153-CIV-MARRA/BRANNON

MARBI PEREZ MORALES, et al.,

    Plaintiff,

vs.

PALM BEACH COUNTY SHERIFF'S OFFICE
and IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Defendants.
_____/

### ORDER AND OPINION GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Federal Defendant's Motion to Dismiss Complaint [DE 32]. The Court has carefully reviewed the motion, the "response," reply, and is otherwise fully advised in the premises.

**Pertinent Background**

Plaintiffs filed their complaint in state court and Defendant Palm Beach County Sheriff's Office ("Sheriff's Office") removed the matter to this Court. On June 26, 2012, the Court granted the Sheriff's Office Motion to Dismiss for failure to state a claim. DE 9. In its Order and Opinion, this Court stated, "[t]he alleged policy or custom of harming Latin Americans and other immigrants is too vague to relate to the specific constitutional violations alleged. To state a claim, Plaintiffs must allege with more specificity (a) the purported custom as it relates to the specific constitutional violation, (b) plausible facts that show that the purported custom is wide-spread and

known by the Sheriff's Office, and (c) how the custom resulted in the exact injuries sustained by Plaintiffs."  DE 9 at 6.  Plaintiffs filed an Amended Complaint for Civil Rights Violations and Battery [DE 17] ("Complaint").  It is this Amended Complaint that is the subject of the instant motion to dismiss filed by the Immigration and Customs Enforcement ("ICE").

Plaintiffs, Marbi Perez Morales (a minor), by and through his parents Candida Morales Soto and Hector Perez Mazariegos (collectively "Plaintiffs"), have filed a seven-count "Amended Complaint for Civil Rights Violations and Battery" against the Sheriff's Office and ICE for illegal entry in violation of the Fourth Amendment (Count 1), unreasonable search in violation of the Fourth Amendment (Count 2), unreasonable seizure in violation of the Fourth Amendment (Count 3), excessive force in violation of the Fourth Amendment (Count 4), equal protection in violation of the Fifth Amendment (Bivens Claim) (Count 5), conspiracy to violate Fourth and Fourteenth Amendments in violation of 42 U.S.C. § 1983 (Count 6), and conspiracy to violate equal protection clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983 (Count 7).

According to the Complaint, on January 26, 2011, agents and officers of the Sheriff's Office and ICE entered Plaintiffs' residence without permission and without a warrant or other lawful excuse.  Compl. ¶¶ 7, 10.  Upon their arrival, the agents yelled at Plaintiffs and violently assaulted the minor Plaintiff Marbi, striking him with a gun in the head and inflicting other physical violence upon him in view of his

family. Compl. ¶ 8. Plaintiffs maintain that Defendants have "a policy and custom of discrimination and indifference to the rights of those they perceive to be illegal aliens based on their appearance, ethnicity, race and/or national origin . . ." Compl. ¶¶ 14, 16.

The Complaint alleges that ICE violated Plaintiffs constitutional rights in various ways. Specifically, Plaintiffs allege violations of the Fourth, Fifth, and Fourteenth amendments to the Constitution of the United States, as well as Title 28 U.S.C. § 1983. DE 17 at 8-12. The Complaint mentions "battery," but does not specifically indicate the substantive legal source of this tort, or any other tort which Plaintiffs may be seeking to pursue. Plaintiffs allege that their claims arise as a result of actions taken by Defendants on January 26, 2011. DE 17, ¶ 7. ICE moves to dismiss the Complaint on multiple grounds, including that the Court lacks subject matter jurisdiction over Plaintiffs' claims, failure to timely exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), and that ICE has never been properly served.

Plaintiffs filed an *untimely two sentence response* stating that since a motion to amend the complaint had been granted to permit Plaintiff Marbi Perez Morales to sue in his own capacity since he is now over 18 years of age, "it would be inappropriate and a waste of judicial resources to rule on a complaint which is no longer operative . . ." DE 46. In fact, no motion to amend was ever filed, even though Plaintiffs' counsel was advised by the Court, and reminded by opposing

counsel, that such a motion would have to be filed and granted before a Second Amended Complaint could be submitted.  Accordingly, when Plaintiffs filed a Second Amended Complaint, that complaint was stricken for failure to seek leave of court to do so.  *See* DE 58.  In any event, the proposed amendment of adding a plaintiff "in his own right" would not have changed any of the substantive issues before the Court.  The motion to dismiss is therefore substantively unopposed.

**Standard of Review**

Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks.  McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  Lawrence, 919 F.2d at 1529.  In a facial attack, on the other hand, the court examines whether the complaint has sufficiently alleged subject matter jurisdiction.  As it does when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true.  McElmurray, 501 F.3d at 1251 (noting in a Rule 12(b)(1) facial challenge a plaintiff has "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised").

In the present case, ICE challenges the district court's jurisdiction from both a facial and a factual standpoint. It claims that Plaintiffs cannot facially proceed on their claims because no cause of action exists against ICE on the claims asserted. ICE also challenges jurisdiction on a critical fact absent from the Complaint, that Plaintiffs have exhausted administrative remedies.

**Discussion**

Plaintiffs base their Complaint on alleged violations of the Fourth, Fifth, and Fourteenth amendments to the Constitution of the United States, as well as Title 28 U.S.C. § 1983. DE 17 at 8-12. The Complaint correctly states that "ICE . . . is an agency of the United States Government, operating under the authority of the government of the United States." DE 17, ¶ 6. In Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486, (1994) ("Meyer"), the United States Supreme Court held that there is no cause of action and, therefore, no subject matter jurisdiction for *Bivens*[1] claims against the United States, *its agencies*, officials, or employees in their

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court for the first time implied a right of action for damages against federal officials in the absence of an act of Congress authorizing such an action. As a rule, subject to certain exceptions, victims of a violation of the Federal Constitution by a federal officer have a right under Bivens to recover damages against the officer in federal court despite the absence of any statute conferring such a right. Such suits are commonly referred to as "Bivens actions." The goal of Bivens was to deter " individual federal officers from committing constitutional violations," Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001), and not to "deter[ ] the conduct of a policymaking entity ...." Id. at 71 (discussing FDIC v. Meyer, 510 U.S. 471 (1994) (declining to imply a damages action against the FDIC)). In subsequent Bivens cases, the Supreme Court continued to respond "cautiously to suggestions that Bivens remedies be extended into new contexts." Schweiker v. Chilicky 487 U.S. 412, 421 (1988). For example, in the unanimously decided FDIC v. Meyer, the Supreme


official capacity.  See also Correctional Services Corp. v. Malesko, 534 U.S. 61, 77 (2001) ("federal agencies are not suable under Bivens"); Denson v. United States, 574 F.3d 1318, 1331, n.35 (11th Cir. 2009) (the United States had no obligation to defend Fourth, Fifth, Eighth and Fourteenth Amendment claims, which were not covered by the FTCA).  Because the Complaint raises Bivens claims against ICE, a federal agency, those claims must be dismissed for lack of subject matter jurisdiction.

Furthermore, to the extent that Plaintiffs intended to file their claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), 2671, 2680(h), et seq., their claims must also fail.  Title 28, United States Code, section 2401(b) states that:

> A tort claim against the United States ***shall be forever barred*** unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b)(emphasis added).  A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency within two years from the time the claim accrues.   28 U.S.C. § 2675(a); Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994); 28 U.S.C. § 2401(b).  "[U]nder the FTCA the very right to sue evaporates after the expiration of

---

Court did not support the extension of Bivens liability to federal agencies.

the stated time." Maahs v. United States, 840 F.2d 863, 866 n.4 (11th Cir. 1988).  The two-year limitation period stated in § 2401(b) is a jurisdictional requisite to suit and is strictly construed.  Magruder v. The Smithsonian Institution, 758 F.2d 591, 593 (11th Cir. 1985).  In this case, Plaintiffs have neither alleged nor presented any evidence that they filed an administrative claim at any time.[2]

Furthermore, the conditions to the limited waiver of sovereign immunity expressed in the FTCA include the requirement that a plaintiff take action to exhaust available administrative remedies before filing suit.  This requirement is jurisdictional and cannot be waived.  Employees Welfare Committee v. Daws, 599 F.2d 1375, 1378 (5th Cir. 1979).  A  federal district court has no subject matter jurisdiction over a tort suit against the United States unless the plaintiff has first fully exhausted applicable administrative remedies, pursuant to 28 U.S.C. § 2675, in relation to the claim.  McNeil v. United States, 508 U.S. 106, 107 (1993); Lykins v. Pointer, Inc., 725 F.2d 645, 646 (11th Cir. 1984); Mays v. United States Postal Service, 928 F.Supp. 1552, 1562, (M.D. Ala. 1996), aff'd, 122 F.3d 43 (11th Cir. 1997) ("Mays").  Thus, a plaintiff must show proof that he or she has complied with § 2675(a) in order to sue the United States.  Lykins, 725 F.2d at 647 ("To satisfy the jurisdictional requirements '[t]here must be proof of timely written notice of the claim to the

---

[2] Indeed, ICE provides a declaration from an Associate Legal Advisor for ICE who avers that he has searched the database of administrative Federal Tort Claims Act claims submitted to ICE and he found no records of any such claims filed by Marbi Perez Morales, Candida Morales Soto or Hector Perez Mazariegos.  DE 32-1.

appropriate agency, which appears of record,' ... and the administrative claim must have been for a 'sum certain,' ... or a 'dollar amount'....") (citations omitted).

In the instant case, there is no allegation of, or any evidence of, timely written notice of the claim for a sum certain to ICE.  For failing to exhaust their administrative remedies pursuant to §§ 2401(b) and 2675(a) Plaintiffs have not complied with the jurisdictional requirements for filing suit under the FTCA, and the court thus lacks subject matter jurisdiction over any claims Plaintiffs might have asserted under the FTCA, and any such claims must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).  Hitchmon v. United States, 585 F.Supp. 256, 261 (S.D. Fla. 1984); Nelson v. Chaney, 2006 WL 1039885 *2 (S.D. Ga. 2006).

## Conclusion

Plaintiffs' claims, which are all based on alleged violations of the Fourth, Fifth, and Fourteenth amendments to the Constitution of the United States, as well as Title 28, United States Code, § 1983, do not constitute cognizable causes of action against federal defendant ICE.  Therefore, Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction. Therefore, since the Court lacks jurisdiction to consider Plaintiffs' constitutional claims, and any FTCA claims Plaintiffs might have intended to pursue, it is hereby

**ORDERED AND ADJUDGED** that Federal Defendant's Motion to Dismiss Complaint [DE 32] is granted.  This ruling renders Federal Defendant's Motion to Grant Dismissal by Default [DE 45] moot.  Plaintiffs' Complaint against ICE is hereby

DISMISSED WITH PREJUDICE.[3]

Pursuant to this Court's Order at DE 57, a new deadline for the completion of discovery and the filing of dispositive motions must be established.  Plaintiffs and the Sheriff's Office are directed to file a joint status report indicating their preferences for such deadlines by July26, 2013.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge

---

[3] A district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when a more carefully drafted complaint might state a claim upon which relief could be granted.  Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985). A district court may deny such leave where there is "substantial reason" for doing so, such as where the amendment would be futile.  Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).  In its motion to dismiss, ICE demonstrated that Plaintiffs' Amended Complaint failed to identify a waiver of sovereign immunity which would allow this case to proceed against ICE.  ICE also demonstrated that Plaintiffs' civil rights claims could not be pursued against ICE and that Plaintiffs had failed to timely exhaust any administrative remedies which might have allowed them to pursue their claims under the FTCA.  Accordingly, any further amendment to the Complaint would be futile as to ICE.